### No. 2122.

### Second Circuit Appeal

---

### T. R. HUGHES, SHERIFF & EX-OFFICIO TAX COLLECTOR, v. S. B. HICKS MOTOR CO., INC.

(November 13, 1924, Opinion and Decree)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Taxation—Par. 258. 259.**

Under Section 31 of Act No. 233 of 1920 a garage which does shop or repair work for outside persons must pay a license tax as such regardless of whether it is run in conjunction with an auto sales department requiring adjustments and "tightening up" of "trade-in" cars.

2. **Louisiana Digest—Taxation—Par. 221.**

Under Section 42 of Act No. 233 of 1920, where the taxes are not paid when due, certain penalties must be paid and attorney's fees where suit is brought.

Appeal from the First District Court, Parish of Caddo. J. H. Stephens, Judge.

This is a suit to collect taxes due.

Judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

W. M. Phillips of Shreveport, attorney for plaintiff and appellee.

Dickson & Denny of Shreveport, attorneys for defendant and appellant.

ODOM, J.   The defendant is a corporation domiciled in the City of Shreveport, and is engaged in the wholesale and retail automobile business.   It also operates a "shop department" in connection with its other business.   It paid its license tax on its wholesale and retail business during the years 1920-21-22, that is, it paid a license tax as a wholesale and retail dealer, but did not pay a license to operate a work or repair shop.  The tax collector demanded the payment of a license tax on the repair shop in addition to the wholesale and retail dealer's license, which payment was refused on the ground that a repair department is a necessary adjunct to an automobile sales business, and in fact is part of such business and that a wholesale and retail dealer's license covers and includes the repair department.

It also developed after the license tax for the year 1922 had been paid that defendant had paid $180.00 less than the amount due for that year, which amount is admittedly due by defendant in rule.

The Tax Collector ruled defendant to show cause why it should not pay a license or occupation tax of $30.00 for 1920, $62.50 for the year 1921, and $75.00 for the year 1922, for the privilege of operating its repair shop, as a separate department from its wholesale and retail business, and why it should not pay an additional sum of $180.00 for the year 1922, together with interest and attorneys' fees.

It is admitted that if defendant owes a license or occupation tax on its repair department separate and apart from its other business, the correct amount to be paid in as above set out, except for the year 1922, which should be $62.50, and it is further admitted that defendant owes $180.00, additional license on its retail business, which amount it is willing and offers to pay, but that the Tax Collector will not accept the amount without the payment of interests and attorneys' fees and that defendant refuses to pay such interest and attorneys fees.

There are, therefore, two questions presented to the court for decision, to-wit: First, under the facts of this case, should defendant pay an additional license or occupation tax on its repair department, and, second, should defendant be required to pay interest and attorneys' fees on the $180.00 additional license admitted to be due on its retail business for the year 1922.

We find in the record an agreed statement of facts which recites among other things "that the shop department of the S. B. Hicks Motor Co., Inc., is necessary to the successful operation of its automobile business and that it is necessary to any automobile sales business to have such a shop or repair plant.  That this shop's main purpose is to supply the wants of the S. B. Hicks Motor Co., Inc., but that it does a small amount of work for the accommodation of the customers of the S. B. Hicks Motor Co., Inc.; that during the year 1919 the garage or repair shop of the defendant performed  services for third persons amounting to twelve thousand dollars, for the year 1920, not less than sixteen thousand dollars, and for the year of 1921 not less than sixteen thousand dollars. That these amounts were not considered in estimating the tax as either wholesale or retail dealer and that the amounts included only charges for work done for third persons." We think this case on this point falls squarely under Sec. 31 of Act 233 of 1920, which is a verbatim copy of Sec. 17 of Act of 1898, which reads as follows:

Sec. 31.  "Be it further enacted, etc., that when two or more kind of business are

combined except as herein expressly provided for, there shall be a separate license required for each kind of business."

The defendant company is engaged mainly in the sale at wholesale and retail of automobiles both new and second hand, "trade-in" cars. The new cars have to be set up and repaired for the market and after they are sold and used for a while by the purchaser they have to be gone over, adjusted, and "tightened up." Old trade-in cars have to be rebuilt, repaired and repainted. In order to do all this, the dealer must maintain a repair or shop department. Such a department is a necessary part of the sales business, and when maintained for that exclusive purpose it is a part of that business and no additional license or occupation tax is due thereon.

But when, as in the case at bar, shop or repair work is done for outside or "third persons". and charges made for such work, the shop or repair department becomes a separate business and becomes subject to the payment of a separate license tax, as is provided in the section of the statute above cited and quoted.

If this were not the law, how easy it would be for an immense repair establishment to escape the payment of a license tax by selling one or two cars each month and paying a license as a retail dealer. In the case at bar, the repair department looked after both the new and trade-in cars handled by defendant. It did more than that. In the year 1919 it made charges for services performed for outside or third persons amounting to about $12,000, and in the years 1920 and 1921 amounting to not less than $16,000 for each year.

We, therefore, hold that inasmuch as defendant's shop department performed services not connected with its sales business, it is a separate business to that extent and owes a separate license tax.

With reference to the second question to be determined by us, that is whether defendant should be required to pay interest on the $180.00, admitted to be due on the retail license for 1922, we find these admissions.

"The S. B. Hicks Motor Co., Inc., has filed with the plaintiff each year a statement of its business, which statement, although incorrect, shows that the shop was included," etc., * * * "and a re-audit of the 1922 statement was made, and after going over the matter several times all parties agreed that the payment of the occupation tax as retail dealer for the year 1922 was $180.00 less than it should have been and that the S. B. Hicks Motor Co., Inc., owes that sum because of the mistake in computing the tax, but the plaintiff refuses to take that sum, without the penalties and attorneys' fees."

Defendant's counsel sets up its case in the following language, quoted from his brief: "We call the court's attention to the fact that it was after the suit was filed it was determined that there was only $180.00 due as the unpaid portion of the 1922 taxes, and that defendant had already paid $180.00 as the tax of 1922. It is then clear that defendant was not at fault in not figuring the correct tax, as it paid all that was demanded, which was $180.00, and it could not pay this $180.00 for the reason that a whole lot more was demanded and that it was only by getting together with the tax collector and going over the books that the true amount was finally ascertained," according to the view which we take of the law, it makes no difference what reasons defendant may have for its failure to pay the full amount of license taxes due by it.

The very fact of its failure to pay when due subjects it to the obligation of paying

interest thereon at two per centum per month from the date on which the license was due until it is paid.

Section 42 of Act 233 of 1920 reads in part as follows:

"Be it further enacted, etc., that all unpaid licenses shall bear interest at the rate of two per centum per month from the first day of March * * * and the tax collector shall collect said license and interest in the manner prescribed by existing laws."

So far as we know, there are no exceptions to the above quoted law.

It is possible that cases might arise where the court, as a matter of equity, might feel warranted in remitting the penalties prescribed for the failure to pay a license tax when due, but under the agreed statement of facts in this case and under counsel's statement in his brief, this is not one of those cases.

Defendant also objects to the payment of attorneys' fees. We see no reason why it should not be required to pay the fee prescribed by law. It failed to pay the licenses when due. Suit was brought. The attorney has rendered his services and is entitled to his fee.

We find the District Judge made a slight error in his judgment by allowing $75.00 for the year 1922, when he could have allowed only $62.50.

For the reasons assigned, it is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended so as to substitute the amount of $62.50 for the amount $75.00 allowed for the year 1922, thereby reducing the total amount of the judgment from $347.50 to $335.00, and that in all other respects the judgment is affirmed, the appellant to pay costs of both courts.

PORTER, J., concurs in the decree.